**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**Rock Hill Division**

TITLEMAX OF SOUTH CAROLINA, INC.,
　　　　　　　　　　　　Plaintiff,

vs.

DANIEL GILPIN,

　　　　　　　　　　　　Defendant.

Civil Action No. _0:25-cv-13795-CMC_

## PLAINTIFF TITLEMAX OF SOUTH CAROLINA, INC'S ORIGINAL COMPLAINT AND PETITION TO VACATE ARBITRATION AWARD

Plaintiff TitleMax of South Carolina, Inc., by and through its undersigned counsel, hereby respectfully brings this action pursuant to 9 U.S.C. § 10(a)(4) seeking an order from this Court vacating the arbitration award attached hereto as **Exhibit A** (the "Award") in its entirety, or, in the alternative, an order vacating and striking the award of punitive damages,[1] and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.　　　　TitleMax of South Carolina, Inc. is a South Carolina corporation with its principal place of business in Texas at 2312 East Trinity Mills Road, Carrollton, TX 75006.

2.　　　　Defendant Daniel Gilpin ("Defendant") has asserted that he is or was a resident of North Carolina.

3.　　　　This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the arbitrator awarded Defendant at least $160,013.76 in damages and attorney's fees, making the amount in controversy greater than $75,000.

---

[1] At the appropriate time, TitleMax of South Carolina, Inc. will file a formal motion to vacate the Award and supporting memorandum setting forth in detail the legal basis for such vacatur.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim occurred" in South Carolina. 28 U.S.C. § 1391(b)(2). Indeed, this entire dispute arises out of Defendant voluntarily traveling to this District and entering into the underlying agreements (the "Loan Agreements") with TitleMax of South Carolina, Inc. in a physical storefront located in Fort Mill, South Carolina. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (instructing courts to review the "entire sequence of events underlying the claim" to determine whether venue is proper). The arbitration of this dispute, in contrast, did not occur in a single physical location.

5. The Court has personal jurisdiction over Defendant because Defendant's actions giving rise to the agreements at issue all occurred in South Carolina. Defendant voluntarily traveled to TitleMax of South Carolina, Inc.'s brick-and-mortar store in South Carolina for the purpose of negotiating, applying for, and entering into the Loan Agreements with TitleMax of South Carolina, Inc. and then received checks from TitleMax of South Carolina, Inc. in South Carolina pursuant to those Loan Agreements. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 293–94 (4th Cir. 2009) (affirming the exercise of jurisdiction in Virginia where the defendants traveled to Virginia to discuss a contract, entered into that agreement, and mailed payments to the plaintiffs in Virginia); *TitleMax of South Carolina, Inc. v. Graham*, No. 0:25-cv-01796-CMC, at *10 (D.S.C. June 3, 2025) (exercising personal jurisdiction over similarly situated defendant); *TitleMax of South Carolina, Inc. v. LeGrand*, No. 0:25-cv-01049-CMC, at *10 (D.S.C. June 17, 2025) (same).

### RELEVANT FACTS

6.      TitleMax of South Carolina, Inc. is a lender that is authorized to offer loans in South Carolina. TitleMax of South Carolina offers installment loan products out of its brick-and-mortar stores located in South Carolina.

7.      Defendant is a North Carolina resident who voluntarily traveled to South Carolina to obtain a title loan from TitleMax of South Carolina, Inc. in its brick-and-mortar store in South Carolina. While in South Carolina, Defendant applied for and entered into the Loan Agreements with TitleMax of South Carolina, Inc. After accepting all of its provisions and entering in the Loan Agreements, Defendant obtained the agreed upon loan proceeds while physically present in South Carolina.

8.      Each Loan Agreement includes one relevant term: a choice-of law provision. Each Loan Agreement's choice-of-law provision states that "South Carolina law governs this Note, but the Federal Arbitration Act governs the Waiver of Jury Trial and Arbitration Clause in Section 24."

9.      On November 30, 2023, Defendant and other North Carolina residents filed a lawsuit against TitleMax of South Carolina, Inc. in the Superior Court of Guilford County, seeking to compel arbitration as required by the Loan Agreements. The plaintiffs in that action, including Defendant, did not challenge the enforceability of the choice-of-law provision.

10.     Following removal to the Middle District of North Carolina, on September 18, 2024, the Middle District of North Carolina ordered TitleMax of South Carolina, Inc. to arbitrate Defendant's claims pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* in accordance with the Loan Agreement.

11.     During the arbitration, Defendant argued that—notwithstanding the choice-of-law provision he agreed to—the arbitrator should apply North Carolina law. Defendant then argued that the interest terms found in the Loan Agreements violated: (1) the North Carolina Consumer Finance Act ("CFA") (N.C. Gen Stat. § 53-165 *et seq.*); (2) the North Carolina usury statutes (N.C. Gen. Stat. § 24-1.1 *et seq.*); and (3) the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") (N.C. Gen. Stat. § 75-1.1). Defendant also sought punitive damages.

12.     As to the merits, TitleMax of South Carolina, Inc. responded, *inter alia*, that the choice-of-law provisions in the Loan Agreement to which Defendant expressly agreed required the arbitrator to apply South Carolina law, and, under South Carolina law, Defendant could not state a claim (nor did Defendant try to state such a claim). TitleMax of South Carolina, Inc. then contended that, in any event, punitive damages were not authorized in these circumstances.

13.     Ultimately, the arbitrator issued an Interim Award on September 23, 2025, and the Final Award on December 2, 2025. *See* Ex. A. Refusing to enforce the Loan Agreement's choice-of-law provisions, the arbitrator found that the interest rates agreed to in the Loan Agreement violated North Carolina law and awarded Defendant $21,356.28 in damages, $125,000 in punitive damages, and $13,657.48 in attorney's fees. *Id.* at 23.

### COUNT ONE: VACATUR OF AWARD UNDER 9 U.S.C. § 10(a)(4) FAILURE TO ENFORCE THE CHOICE-OF-LAW PROVISION

14.     TitleMax of South Carolina, Inc. incorporates the allegations set forth above as if fully set forth herein.

15.     The parties mutually agreed that South Carolina law would govern the Loan Agreements, and the Loan Agreements include unambiguous choice-of-law provisions reflecting that decision.

16.     Nonetheless, the arbitrator disregarded the parties' clear contractual provisions and applied North Carolina law, effectively modifying the Loan Agreements.

17.     By disregarding the parties' mutually agreed upon choice-of-law provision, the arbitrator exceeded his authority, manifestly disregarded the law, and issued an award that fails to draw its essence from the agreement, requiring vacatur of the Award under 9 U.S.C. § 10(a)(4) and binding case law.

### COUNT TWO: VACATUR OF AWARD UNDER 9 U.S.C. § 10(a)(4)
### FAILURE TO ENFORCE APPLICABLE STATUTES OF LIMITATIONS

18.     TitleMax of South Carolina, Inc. incorporates the allegations set forth above as if fully set forth herein.

19.     TitleMax of South Carolina, Inc. and Defendant entered into the first Loan Agreement on February 13, 2018.

20.     Defendant made his last payment on the first Loan Agreement on August 28, 2018.

21.     TitleMax of South Carolina, Inc. and Defendant entered into the second Loan Agreement on August 28, 2018.

22.     Defendant made his last payment on the second Loan Agreement on February 29, 2020.

23.     TitleMax of South Carolina, Inc. and Defendant entered into the third Loan Agreement on March 20, 2020.

24.     Defendant made his last payment on the third Loan Agreement on March 28, 2021.

25.     Defendant brought his claims against TitleMax of South Carolina, Inc. on November 30, 2023.

26.     Claims under North Carolina's usury statutes must be brought within two years of accrual. N.C. Gen. Stat. § 1-53.

27. Claims under the CFA must be brought within three years of accrual. N.C. Gen. Stat § 75-16.2.

28. Claims under the UDTPA must be brought within four years of accrual. N.C. Gen. Stat § 1-52.[2]

29. Even assuming North Carolina law applies (which it does not), Defendant failed to bring his claims within the applicable period and his claims are therefore time-barred.

30. The arbitrator therefore exceeded his authority and manifestly disregarded clearly applicable law by allowing Defendant's claims to move forward.

31. Accordingly, vacatur of the Award is warranted under 9 U.S.C. § 10(a)(4) and binding case law.

### COUNT THREE: VACATUR OF PUNITIVE DAMAGES AWARD UNDER 9 U.S.C. § 10(a)(4)

32. TitleMax of South Carolina, Inc. incorporates the allegations set forth above as if fully set forth herein.

33. In addition to awarding Defendant $21,356.28 in statutory penalties, the arbitrator awarded Defendant $125,000 in punitive damages.

34. By awarding Defendant punitive damages, the arbitrator manifestly disregarded clearly defined principles of law prohibiting the imposition of punitive damages in the absence of fraud, malice, or willful or wanton conduct.

35. By awarding Defendant punitive damages, the arbitrator wrongfully imposed an unlawful double punishment on TitleMax of South Carolina, Inc.

---

[2] Defendant elected not to pursue damages for any alleged violations of the UDTPA. Ex. A at 23.

36.     Moreover, the punitive damages award is grossly excessive, arbitrary, and violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

37.     Accordingly, by imposing the punitive damages award, the arbitrator exceeded his authority and manifestly disregarded the law, justifying vacatur under 9 U.S.C. § 10(a)(4) and binding case law.

## PRAYER FOR RELIEF

WHEREFORE, TitleMax of South Carolina, Inc. respectfully requests that, pursuant to 9 U.S.C. § 10(a)(4), the Court enter an order vacating the Award in its entirety, or, in the alternative, an order vacating the award of punitive damages.

Dated: December 10, 2025                    Respectfully submitted,

*/s/ John T. Lay, Jr.*
John T. Lay, Jr. (Fed ID 5539)
**GALLIVAN, WHITE & BOYD, P.A.**
PO Box 7368
Columbia, SC 29202-7368
Tele: (803) 779-1833
jlay@gwblawfirm.com

*/s/ Ryan J. Strasser*
Ryan J. Strasser (*pro hac vice* forthcoming)
Virginia State Bar No. 80979
**TROUTMAN PEPPER LOCKE LLP**
1001 Haxall Point, 15th Floor
Richmond, VA 23219
Tele: (804) 697-1200
Fax: (804) 697-1290
ryan.strasser@troutman.com

/s/ *Erin M. Harrigan*
Erin M. Harrigan (*pro hac vice* forthcoming)
Virginia State Bar No. 71168
**TROUTMAN PEPPER LOCKE LLP**
1001 Haxall Point, Suite 1500
Richmond, VA 23219

Tele: (804) 697-1465
erin.harrigan@troutman.com

/s/ *Rachel Hodges*
Rachel Buck Hodges (*pro hac vice*
forthcoming)
Virginia State Bar No. 99746
North Carolina State Bar No. 52604
**TROUTMAN PEPPER LOCKE LLP**
1001 Haxall Point, Suite 1500
Richmond, VA 23219
Tele: (804) 697-1412
rachel.hodges@troutman.com

*Counsel for Plaintiff TitleMax of South
Carolina, Inc.*

8